# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

---

### UNITED STATES OF AMERICA,

### V.

# C R 16    159

### STANISLAV PETROV AND  MILAGRO MORAGA,

### DEFENDANT(S).

---

# INDICTMENT

18 U.S.C § 922 (g)(1) - Felon in Possession of Firearm and Ammunition
21 U.S.C §§ 846 and 841 (a)(1) & (b)(1)(B) - Conspiracy to Distribute/Possess with Intent to Distribute Methamphetamine
21 U.S.C. § 841 (a)(1) & (b)(1)(B) - Possession with Intent to Distribute Methamphetamine
18 U.S.C §§ 924 (c) and 2 - Possessing a Firearm in Furtherance of a Drug Trafficking Crime
18 U.S.C. § 924(d), 21 U.S.C § 853, and 28 U.S.C § 2461(c) - Forfeiture

---

A true bill.

_____ Foreman

Filed in open court this _14 th_ day of

_april 2016_

SALLIE KIM
United States Magistrate Judge

Clerk

Bail, $ _no process as to all_

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

**— OFFENSE CHARGED —**

18 U.S.C § 922 (g)(1) - Felon in Possession of Firearm and Ammunition
21 U.S.C §§ 846 and 841 (a)(1) & (b)(1)(B) - Conspiracy to Distribute/Possess with Intent to Distribute Methamphetamine
18 U.S.C §§ 924 (c) and 2 - Possessing a Firearm in Furtherance of a Drug Trafficking Crime
18 U.S.C. § 924(d), 21 U.S.C § 853, and 28 U.S.C § 2461(c) - Forfeiture
PENALTY:  See Attached

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**— DEFENDANT - U.S**
▶ STANISLAV PETROV

DISTRICT COURT NUMBER
CR 16  159

**— PROCEEDING —**

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:  SHOW DOCKET NO.
☐ U.S. ATTORNEY  ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant  MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form  BRIAN STRETCH
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  DAMALI TAYLOR

**— DEFENDANT —**

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☒ On this charge
5) ☐ On another conviction  ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

**— ADDITIONAL INFORMATION OR COMMENTS —**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT  Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:  Before Judge:

Comments:

PENALTY SHEET

**Count One**: 18 U.S.C. § 922(g)(1)

  <u>Maximum Penalties</u>: 10 years imprisonment; $250,000 fine; 3 years supervised release; and a $100 special assessment.

**Counts Two and Three**: 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)

  <u>Maximum Penalties</u>:  Maximum term of imprisonment: 40 years; Mandatory minimum term of imprisonment: 5 years; $5,000,000 fine; 4 years supervised release; and a $100 special assessment.

  If a defendant has a qualifying prior conviction and an Information is filed pursuant to 21 U.S.C. § 851, the mandatory term of imprisonment would be 10 years.

**Count Four**: 18 U.S.C. § 924(c)

  <u>Maximum Penalties</u>:  Maximum term of imprisonment: life; $250,000 fine; Mandatory minimum consecutive term of imprisonment: 5 years; 5 years supervised release; and a $100 special assessment.

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

### OFFENSE CHARGED

18 U.S.C § 922 (g)(1) - Felon in Possession of Firearm and
Ammunition
21 U.S.C §§ 846 and 841 (a)(1) & (b)(1)(B) - Conspiracy to
Distribute/Possess with Intent to Distribute
Methamphetamine
18 U.S.C §§ 924 (c) and 2 - Possessing a Firearm in
Furtherance of a Drug Trafficking Crime
18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C § 2461(c) - Forfeiture
PENALTY:   See Attached

☐ Petty
☐ Minor
☐ Misde-
   meanor
☒ Felony

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
2016 SAN FRANCISCO DIVISION

### DEFENDANT - U.S.
▶ MILAGRO MORAGA

**WHA**

DISTRICT COURT NUMBER

**CR 16      159**

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE

☐ this prosecution relates to a
pending case involving this same
defendant

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on this form        BRIAN STRETCH

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)        DAMALI TAYLOR

### DEFENDANT

IS *NOT* IN CUSTODY
1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior
   summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☒ On this charge

5) ☐ On another conviction   } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   } If "Yes"
been filed?    ☐ No       give date
                          filed

DATE OF   ▶ Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED   ▶ Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time:                Before Judge:

Comments:

PENALTY SHEET

**Count One**: 18 U.S.C. § 922(g)(1)

> <u>Maximum Penalties</u>: 10 years imprisonment; $250,000 fine; 3 years supervised release; and a $100 special assessment.

**Counts Two and Three**: 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)

> <u>Maximum Penalties</u>:   Maximum term of imprisonment: 40 years; Mandatory minimum term of imprisonment: 5 years; $5,000,000 fine; 4 years supervised release; and a $100 special assessment.

> If a defendant has a qualifying prior conviction and an Information is filed pursuant to 21 U.S.C. § 851, the mandatory term of imprisonment would be 10 years.

**Count Four**: 18 U.S.C. § 924(c)

> <u>Maximum Penalties</u>:   Maximum term of imprisonment: life; $250,000 fine; Mandatory minimum consecutive term of imprisonment: 5 years; 5 years supervised release; and a $100 special assessment.

1  BRIAN J. STRETCH (CABN 163973)
2  United States Attorney

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11  UNITED STATES OF AMERICA,          )  CASE NO.  CR 16    159
                                       )
12          Plaintiff,                 )
                                       )
13      v.                             )  VIOLATIONS: 21 U.S.C. § 846 – Conspiracy and
                                       )  Attempt to Distribute /Possess with Intent to
14                                     )  Distribute Methamphetamine; 21 U.S.C. § 841(a)(1) –
                                       )  Distribute /Possess with Intent to Distribute
15  STANISLAV PETROV and               )  Methamphetamine; 18 U.S.C. § 922(g)(1) – Felon in
    MILAGRO MORAGA,                    )  Possession of Firearm and Ammunition; 18
16                                     )  U.S.C.§ 924(c) - Using/Possessing Firearm During or
            Defendants.                )  in Furtherance of Drug Trafficking Crime; 18 U.S.C.
17                                     )  § 924(d), 981(a)(1)(C), 21 U.S.C. § 853, 28 U.S.C.
                                       )  § 2461 – Forfeiture
18                                     )
                                       )  SAN FRANCISCO VENUE
19  _____)

20                         I N D I C T M E N T

21  The Grand Jury charges:

22  COUNT ONE:   (18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm and Ammunition)

23          1.       On or about March 8, 2016, in the Northern District of California, the defendant,

24                              STANISLAV PETROV,

25  having been previously convicted of a crime punishable by a term of imprisonment exceeding one year,

26  unlawfully and knowingly possessed a firearm, to wit, a Ruger P90 pistol, Serial Number: 661-79063,

27  and six rounds of .45 caliber PMC ammunition, in and affecting interstate commerce, in violation of

28  Title 18, United States Code, Section 922(g)(1).

INDICTMENT                                1

1   COUNT TWO:      (21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(B) – Conspiracy to Distribute/Possess

2                     with Intent to Distribute Methamphetamine)

3       2.      Between a date unknown to the Grand Jury and continuing to at least on or about March

4   8, 2016, in the Northern District of California, the defendants,

5                     STANISLAV PETROV and

6                     MILAGRO MORAGA,

7   knowingly and intentionally conspired to distribute and to possess with intent to distribute a Schedule II

8   controlled substance, to wit, 50 grams and more of a mixture and substance containing a detectable

9   amount of methamphetamine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) &

10   (b)(1)(B).

11   COUNT THREE:    (21 U.S.C. § 841(a)(1) & (b)(1)(B) –Possession with Intent to Distribute

12                     Methamphetamine)

13       3.      On or about March 8, 2016, in the Northern District of California, the defendants,

14                     STANISLAV PETROV and

15                     MILAGRO MORAGA,

16   knowingly and intentionally possessed with intent to distribute a Schedule II controlled substance, to

17   wit, 50 grams and more of a mixture and substance containing a detectable amount of

18   methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) & 841(b)(1)(B).

19   COUNT FOUR:      (18 U.S.C. §§ 924(c) and 2 – Possessing a Firearm in Furtherance of a Drug

20                     Trafficking Crime)

21       4.      On or about March 8, 2016, in the Northern District of California, the defendant

22                     STANISLAV PETROV

23   knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be

24   prosecuted in a court of the United States, namely, the offenses charged in Counts Two and Three of this

25   Indictment, in violation of Title 18, United States Code, Sections 924(c) and 2.

26   FORFEITURE ALLEGATION:     (18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c))

27       5.      The allegations in Counts One through Four of this Indictment are realleged and by this

28   reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of

INDICTMENT                    2

Title 18, United States Code Sections, 924(d), Title 21, United States Code, Section 853and Title 28, United States Code, Section 2461(c).

6.    Upon a conviction of any of the offenses alleged in Counts One or Four, the defendant

STANISLAV PETROV

shall, pursuant to Title 18, United States Code, Section 924(d), forfeit to the United States any firearm involved in or used in a violation of Title 18, United States Code, Sections 922(g)(1), or 924(c), as alleged in Counts One or Four of this Indictment, and specifically including but not limited to the following:

    a.    Ruger P90 pistol, Serial Number: 661-79063.

    b.    six rounds of .45 caliber PMC ammunition.

7.    Upon a conviction of any of the offenses alleged in Counts Two or Three, the defendants,

STANISLAV PETROV and

MILAGRO MORAGA,

shall, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following:

    a.    Ruger P90 pistol, Serial Number: 661-79063.

    b.    six rounds of .45 caliber PMC ammunition.

8.    If any of the forfeitable property, as a result of any act or omission of defendants,

    (A)    cannot be located upon the exercise of due diligence;

    (B)    has been transferred or sold to, or deposited with, a third party;

    (C)    has been placed beyond the jurisdiction of the Court;

    (D)    has been substantially diminished in value; or

    (E)    has been commingled with other property which cannot be divided without difficulty;

any and all interests that defendants have in any other property (not to exceed the value of the above described property) shall be forfeited to the United States, pursuant to Title 21, United States Code,

1  Section 853(p).

2

3  DATED:                                    A TRUE BILL.

4   *April 14, 2016*

5                                            _____

6                                            FOREPERSON

7  BRIAN J. STRETCH
   United States Attorney
8

9  _____

10  DAVID R. CALLAWAY
    Chief, Criminal Division
11

12  (Approved as to form: _____ )

13                    DAMALI A. TAYLOR
                      Assistant U.S. Attorney
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT                          4